|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

JEROME URBAN,   )
                         Plaintiff,   )   3:06-cv-00546-BES-VPC
                                      )
          vs.                          )   **REPORT AND RECOMMENDATION**
                                      )   **OF U.S. MAGISTRATE JUDGE**
DEPUTY BEARD, *et al.*,        )
                                      )   January 27, 2009
                  Defendant .    )
_____)

       This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for default judgment (#59). Defendant Blaine Beard ("defendant") opposed (#60) and plaintiff replied (#61). The court has thoroughly reviewed the record and the motions and recommends that the court deny plaintiff's motion for default judgment (#59).

## I. HISTORY & PROCEDURAL BACKGROUND

       Plaintiff Jerome Urban ("plaintiff") is a prisoner at the Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#64). Plaintiff brings this action pursuant to 42 U.S.C § 1983, alleging that defendant violated his Fourteenth Amendment rights by failing to protect him from an assault by another detainee when he was housed as a pretrial detainee at Washoe County Detention Center (#6). In his original complaint, which is relevant here, plaintiff named only Deputy Beard, a deputy for the Washoe County Sheriff's Department, as a defendant. *Id*. In his second amended complaint, filed after the instant motion, plaintiff also named as defendants the Washoe County Sheriff's Department, the Washoe County Detention Center, and Washoe County (#64).

       The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

*also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

    **1.    Entry of Default**

Obtaining a default judgment in federal court is a two-step process – (1) entry of default and (2) default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Rule 55 of the Federal Rules of Civil Procedure states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). After the entry of default has been entered by the clerk of court, the party seeking default may make a motion to the court requesting a judgment of default. Fed. R. Civ. P. 55(b). If a party has made an appearance in the case, Rule 55(b) requires the court, not the clerk, to enter the judgment of default. Fed. R. Civ. P. 55(b)(2); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("[b]ecause McCool had filed a notice of appearance, *entry of judgment* by the clerk under Rule 55(b)(1)... would have been improper. Because of McCool's appearance, the district court, not the clerk, was required to enter the default judgment.").

There is no right to a default judgment; its entry is entirely within the discretion of the district court. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); *see also Rashidi v. Albright*, 818 F. Supp. 1354, 1356, n.4 (D.Nev. 1993). Defaults are generally disfavored, *see Eitel*, 782 F.2d at 1472, and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) *citing TCI Group Life Ins. Plan v. Knoebber*, 224 F.3d 691, 696 (9th Cir. 2001).

**B.    Analysis**

    **1.    Motion for Default Judgment**

2

1  Plaintiff argues that he is entitled to default judgment because defendant filed his answer late and failed to comply with the court's scheduling order (#59, p. 3, citing #45). Plaintiff contends that default is merited because defendant failed to submit all discovery by the July 7, 2008 deadline, did not file a dispositive motion by the August 6, 2008 deadline, and did not submit a pre-trial order by the August 8, 2008 deadline. *Id*. Defendant asserts that he has complied with all discovery requests and that the court has not ordered him to submit any additional discovery (#60, p. 3). Further, the dispositive motion deadline does not require a party to file a motion; rather, it "is merely the deadline for filing such a motion should the parties decide to file such a motion." *Id*. p. 3-4. Finally, with regard to the joint pretrial order, plaintiff has also not filed a pretrial order, which warrants dismissal of plaintiff's motion for default. *Id*. p. 4.

Plaintiff has presented no evidence to the court to demonstrate the defendant failed to comply with discovery requests. Plaintiff has filed no motions to compel discovery, and defendant states that he has complied with plaintiff's discovery requests. Under Rule 37, the court has the authority to grant default against a party who fails to comply with court orders to compel. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "a terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. We review discovery sanctions for abuse of discretion. Only 'willfullness, bad faith, and fault' justify terminating sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), *citing Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). There is no evidence before the court to suggest that defendant acted in bad faith or even failed to comply with discovery requests. Therefore, the court will not grant a motion for default judgment on this basis.

As for plaintiff's claim that defendant failed to file a dispositive motion, defendant is correct that a party is not required to file a dispositive motion in every action. Rather, if a party chooses to file a dispositive motion, it must be done by the deadline set forth in the scheduling

order. Defendant chose not to file a dispositive motion; this choice does not constitute grounds for a default judgment. With regard to the pretrial order, no trial date has been set. Plaintiff recently filed a second amended complaint (#64). Again, under these circumstances, there are no grounds for entry of default judgment.

Additionally, defendant answered plaintiff's complaint (#42), and filed a motion to dismiss plaintiff's second amended complaint (#71). Therefore, defendant has not failed to plead or otherwise defend. As such, plaintiff's motion for default judgment (#59) is denied.

### III. CONCLUSION

Based on the foregoing, the court respectfully recommends that plaintiff's motion for default judgment (#59) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for default judgment (#59) be **DENIED**.

**DATED:** January 27, 2009

_____
**UNITED STATES MAGISTRATE JUDGE**